IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KOOCHOU, | No. 2:21-CV-0980-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 7 and 8, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 9 (minute order referring matter to Magistrate Judge). Pending before the Court are the parties' briefs on the merits, ECF Nos. 18 and 22.

The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1   Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2   If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3   If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

///

|   |   |   |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on May 1, 2019.  See CAR 15.[1]  In the application, Plaintiff claims disability began on April 12, 2019.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on September 23, 2020, before Administrative Law Judge (ALJ) Jane M. Maccione.  In an October 20, 2020, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

> 1. Through the date last insured (June 30, 2020), the claimant had the following severe impairment(s): macular retinal detachment right eye, status post repair surgery; right age-related cataract, status post-surgical correction; and blindness of the right eye;
>
> 2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3. Through the date last insured, the claimant had the following residual functional capacity: a full range of work at all exertional levels;
>
> 4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony as well as the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 17-24.

After the Appeals Council declined review on April 5, 2021, this appeal followed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Citations are to the Certified Administrative Record (CAR) lodged on January 18, 2022, ECF No. 10.

### III.  DISCUSSION

In his opening brief, Plaintiff argues the ALJ erred at Step 5 because she "wrongly applied the relevant agency provisions." ECF No. 18-1, pg. 10. At Step 5, the ALJ made the following vocational findings:

> In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decision making unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decision-making (SSR 85-15).
>
> Through the date last insured, the claimant's ability to perform work at all exertional levels was compromised by nonexertional limitations. To determine the extent to which these limitations eroded the occupational base of unskilled work at all exertional levels, the Administrative Law Judge asked the vocational expert whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would have been able to perform the requirements of representative occupations such as Linen-Room Attendant (222.387-030), SVP 2, medium exertion, 70,000 jobs nationally; Silver Wrapper (318.687-018), SVP 1, light exertion, 45,000 jobs nationally; and Sandwich-Board Carrier (299.687-014), SVP 1, light exertion, 9,500 jobs nationally; and Paper Pattern Folder (794.687-034), SVP 1, light exertion, 11,500 jobs nationally.
>
> The vocational expert's testimony is generally consistent with the information contained in the Dictionary of Occupational Titles; however, her testimony regarding monocular versus binocular vision is based on her knowledge, training and experience (Hearing Testimony). Based on the foregoing, the undersigned finds the vocational expert provided a reasonable explanation for this discrepancy (SSR 00-4p).
>
> Based on the testimony of the vocational expert, the undersigned concludes that, through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines.

> The representative, however, argues a finding of disability is directed by SSR 85-15, which states:
>
> > 4. *Visual Impairment*
> >
> > . . . . However, a finding of disability could be appropriate in the relatively few instances in which the claimant's vocational profile is extremely adverse, e.g., closely approaching retirement age, limited education or less, unskilled or no transferable skills, and essentially a lifetime commitment to a field of work in which good vision is essential.

CAR 22-23

At footnote 1, the ALJ observed: "In this, SSR 85-15 parallels the special medical-vocational profile for a lifetime commitment to a field of work outlined at POMS DI 25010.001." CAR 23, n.1. The ALJ continued:

> The representative's argument fails for a number of reasons. The four corners of SSR 85-15 are not met because the claimant does not have a limited or less education. Rather, the claimant has a high school level education (Ex. 2E/3). Moreover, although the claimant testified he worked as a truck driver for 20 years, there is no proof that he had a lifetime commitment to a field of work in which good vision is essential (Ex. 5D; Hearing Testimony). Per POMS DI 25010.001, a lifetime commitment involves proof of at least a 30-year work history. Furthermore, there are no other factors that would contribute to create an "extremely adverse" vocational profile. The claimant acknowledges that he does not have any other severe conditions and has no exertional limitations, both of which would contribute to a more adverse vocational profile (Hearing Testimony). The fact that the vocational expert offered evidence of three representative occupations that existed in significant numbers in the national economy is further support for the proposition that the claimant's vocational profile is not as "extremely adverse" as the one contemplated in SSR 85-15.

CAR 23-24.

Plaintiff argues the ALJ misapplied Social Security Ruling (SSR) 85-15. See id. at 10-13. Plaintiff cites the same portion of SSR 85-15 regarding vision impairments and contends as follows:

> Koochou was 65 years old at the time of his date last insured. (Tr. 15, 138.) He does not have transferable skills from his past relevant work. He worked for more than 20 years (as the ALJ claimed) as a truck driver, which is consistent with a lifetime commitment to a field of work in which good vision is essential. The ALJ found that the situation described in SSR 85-15 does not square with Koochou's situation well enough justify a finding of disability, asserting that Koochou has at least a high school education (rather than limited) and that his lifetime commitment to a field of work in which good vision is essential (truck driving) does not qualify

6

as a lifetime commitment because it was 20 years instead of 30 years, citing POMS DI 25010.001. The ALJ further asserted Koochou does not have other severe impairments or any exertional limitations which would contribute to a more adverse vocational profile. (Tr. 23-24.)

The ALJ's reading and application of SSR 85-15 and POMS DI 25010.001 are incorrect. The components of SSR 85-15 – "closely approaching retirement age," "limited or less education or less," "unskilled or no transferable skills," and "*essentially* a lifetime commitment to a field of work" in which good vision is essential are examples ("e.g.,") they are not, as the ALJ claims, "[t]he four corners of SSR 85-15…" (Tr. 23) (italics added). Neither SSR 85-15 nor POMS DI 25010.001 are a strict/all-inclusive list of requirements which must be met in order to justify a finding of disability. Similarly, the POMS DI cited by the ALJ is a recitation of situations in which a finding of disability will be made because the claimant's profile meets certain criteria. *See contra Anninos v. Colvin,* No. 13-CV-3133 (SJF) (E.D.N.Y. Sept. 30, 2015) *(*"The Court cannot conclude on this record that the ALJ's Decision did not come as a result of a mistake of law. For example, in reaching its seemingly inconsistent conclusions regarding plaintiff's disability status, the ALJ referenced SSR 85-15, which provides that vision problems are solely non-exertional, and arguably could support either conclusion here; while plaintiff has an associate's degree, the ALJ also found that she was approaching retirement age.) (emphasis added), *Kuhr v. Colvin*, Case No. 3:13-cv-05253-BHS-KLS (W.D. WA Mar. 4, 2014) ("The ALJ found that plaintiff's vocational profile was not extremely adverse because although she is of advanced age, "none of the other adverse issues apply'".)

ECF No. 18-1, pgs. 11-12.

Defendant argues that, despite any possible errors with respect to transferability of skills, age, or work background, the ALJ's ultimate finding at Step 5 regarding SSR 85-15 remains correct because it is undisputed that Plaintiff does not have a limited education. See ECF No. 22, pgs. 6-8. Defendants asserts that all of the factors listed in SSR 85-15 – including the requirement that the claimant have limited education – must be met for the ruling to apply. See id. at 6-7. According to Defendant:

. . . Contrary to Plaintiff's arguments, the ALJ's interpretation of SSR 85-15 and POMS DI 25010.001 as strict/all-inclusive list of requirements which must be met in order to justify a finding of disability is the correct interpretation based on the plain reading of the language of SSR 85-15 and POMS DI 25010.001 and cases interpreting them. Under SSA POMS DI 25010.001, a claimant with a "Lifetime Commitment" to a field of work will be found disabled if he: (1) is not working at substantial gainful activity level, and; (2) had a lifetime commitment (30 years or more) to a field of work that is unskilled, or is skilled or semi-skilled but with no transferable skills, and; (3) can no longer perform his past work because of a severe impairment, and; (4) is closely approaching retirement age (age 60 or older), and; (5) has no more than a limited education. [footnote 3 omitted]. The correct interpretation based plain reading of the

7

> texts indicates that SSR 85-15 and POMS DI 25010.001 contain lists of requirements that must all be met to qualify because they are connected by "and" rather than "or". Case law also provides support for that interpretation consistent with ALJ's application of SSR 85-15 and POMS DI 25010.001. See *Kuhr v. Colvin*, No. C13-5253 BHS, 2014 WL 1254164, at *9 (W.D. Wash. Mar. 25, 2014) (citing SSR 85-15 the court noted that "The ALJ found that plaintiff's vocational profile was not extremely adverse because although she is of advanced age, 'none of the other adverse issues apply'"."); *Lugo v. Comm'r of Soc. Sec.*, No. 3:16-CV-0746 (GTS), 2017 WL 4005621, at *13 (N.D.N.Y. Sept. 11, 2017) ("Since the wording and structure of SSR 85-15 seem to indicate that all four of the noted criteria need to be met in order for a claimant to have an extremely adverse vocational profile—particularly the notation that this is found in relatively few instances—Plaintiff's failure to demonstrate these first two criteria strongly suggest he does not have an extremely adverse vocational profile and would remain able to perform a significant number of jobs despite his limitations in working with small objects or print."); *Hyatt v. Colvin*, No. 7:14-CV-8-D, 2015 WL 789304, at *15 (E.D.N.C. Feb. 24, 2015) (Applying POMS DI 25010.001 and the third special profile for "lifetime commitment" and determining "Here, while Claimant has a limited education (R. 43) and most of his work history has been in construction and labor work (R. 65–67), he is excluded from this profile as he was only 49 at the time of the ALJ hearing (R. 32)."); *Dieffenbach v. Saul*, No. CV 19-4948, 2020 WL 2793958, at *5 (E.D. Pa. May 29, 2020) (Applying the lifetime commitment profile as described at POMS DI 25010.001 B(3) and holding that "Plaintiff fully satisfies all the lifetime commitment profile. Hence, upon remand, the ALJ shall properly apply the lifetime commitment profile when evaluating Plaintiff's claim.).
> As properly applied by the ALJ the "four corners of SSR 85-15" were not met because Plaintiff completed the 12th grade and therefore did not have a limited or less education (AR 23, 253). Any alleged error by the ALJ in failing to fully develop the record by clearly ascertaining what work Plaintiff did prior to 2000 and for how long was harmless because he could not meet all the criteria of SSR 85-15. . . .

ECF No. 22, pgs. 6-8.

In his reply brief, Plaintiff focuses on <u>Kuhr v. Colvin</u>.  <u>See</u> ECF No. 23, pg. 4. Plaintiff argues:

> In *Kuhr*, the Court interpreted SSR 85-15's provisions regarding adverse vocational profiles as *examples* rather than a strict list of requirements, and implied that the ALJ had discretion in determining whether that claimant's vocational profile was adverse enough to result in a finding of disability based on her visual impairment. In *Kuhr*, the claimant's situation only lined up with two of the examples listed in SSR 85-15 because she had an associate's degree (rather than a limited education) and had skilled past work (where no finding had been made regarding transferable skills). Here, Koochou's situation lines up with

/ / /

/ / /

> three of the examples listed in SSR 85-15. The only example which does not describe Koochou's situation is the" limited education," but unlike in *Kuhr*, Koochou has only a 12th grade education and no higher degree.

ECF No. 23, pg. 4.

The Court begins with the plain language of SSR 85-15. As cited by the ALJ, Plaintiff, and Defendant, SSR 85-15 lists factors which would result in a determination of disabled. Specifically, the ruling lists these factors conjunctively by using the word "and." Similarly, the Social Security Administration's Program Operations Manual System (POMS) indicates a finding of disabled is appropriate for claimants who have had a lifetime commitment to a particular field of work. See POMS DI 25010.001. As with SSR 85-15, the POMS list is conjunctive, using the word "and." See id. Both POMS DI 25010.001 and SSR 85-15 require the claimant to have no more than a limited education, which is defined as "formal schooling completed at the seventh through 11th grade level." POMS DI25001.001; POMS DI 25015.010; see also 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3).

Here, the Court agrees with Defendant that, because it is undisputed that Plaintiff does not have a limited education having completed high school, SSR 85-15 does not apply to direct a determination that Plaintiff is presumptively disabled. The cases cited by Defendant are in accord. In Kuhr v. Colvin, the court determined that SSR 85-15 did not apply because the claimant did not meet all of the elements of the ruling. See 2014 WL 1254164, at *9 (W.D. Wash. Mar. 25, 2014). In Hyatt v. Colvin, the court found POMS DI 25010.001 did not apply because the claimant did not meet all of the elements. See 2015 WL 789304, at *15 (E.D.N.C. Feb. 24, 2015). In Lugo v. Comm'r of Soc. Sec., the court noted that all four elements of SSR 85-15 must apply to support a finding of disabled under the ruling. See 2017 WL 4005621, at *13 (N.D.N.Y. Sept. 11, 2017). Finally, in Dieffenbach v. Saul, the court concluded that POMS DI 25010.001 applied because all elements were satisfied. See 2020 WL 2793958, at *5 (E.D. Pa. May 29, 2020).

///

///

///

Because Plaintiff must meet all elements of SSR 85-15, and because it is clear Plaintiff has more than a limited education – which is a required element – any error with respect to the ALJ's consideration of other elements could not have had any effect on the ultimate disability determination and are, therefore, harmless.  See Batson v. Commissioner of Social Security, 359 F.3d 1190 (9th Cir. 2004).

### IV.  CONCLUSION

Based on the foregoing, the Court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 18, is denied;
2. Defendant's motion for summary judgment, ECF No. 22, is granted;
3. The Commissioner's final decision is affirmed; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  September 15, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE